

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EDWARD MORRISETT,<br><br>    Petitioner,<br>vs.<br><br>T. FELKER, Warden,<br><br>    Respondent. | ) CASE NO. CV 07-06270 MMM (AN)<br>)<br>)<br>) ORDER ADOPTING REPORT AND<br>) RECOMMENDATION OF UNITED<br>) STATES MAGISTRATE JUDGE<br>)<br>)<br>)<br>)<br>) |

    The Court has reviewed the entire record in this action, the Report and Recommendation of the Magistrate Judge ("Report"),[1] and petitioner's objections thereto.[2] The court notes petitioner's contention that Judge Nakazato inappropriately rejected his motion to stay the petition and hold the proceedings in abeyance while he returned to state court to exhaust his remedies.[3]

---

[1] Report and Recommendation of United States Magistrate Judge ("Report"), Docket No. 19 (Mar. 18, 2008).

[2] Petitioner's Objections to the Magistrate Judge's Report and Recommendations ("Pet.'s Objections"), Docket No. 21 (Apr. 11, 2008).

[3] Order Denying Motion to Stay the Proceedings in Abeyance to Exhaust State Remedies ("Order"), Docket No. 6 (Oct. 16, 2007).

1   In limited circumstances, "federal district courts have the authority to stay a mixed habeas petition
2   and hold the entire petition – exhausted and unexhausted claims alike – in abeyance while the
3   petitioner returns to state court to exhaust his remedies there." *King v. Ryan*, 564 F.3d 1133,
4   1135-56 (9th Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). This procedure is
5   available "only upon a showing that the petitioner had good cause for not exhausting his state
6   claims earlier." *Id.* In addition, a district court may stay a mixed petition only if "the
7   unexhausted claims are potentially meritorious" and "there is no indication that the petitioner
8   intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023
9   (9th Cir. 2008).

While "good cause" for failure to exhaust does not require a showing of "extraordinary circumstances," the court must nonetheless determine whether a petitioner has good cause for a failure to exhaust "in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Id.* at 1023-24 (quoting *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005)). In addition, the court must be mindful that the Antiterrorism and Effective Death Penalty Act ("AEDPA") "aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* at 1024 (citing *Rhines*, 544 U.S. at 266-67). See also *Jackson*, 425 F.3d at 660-61 ("[T]he stay-and-abeyance procedure must be applied consistently with AEDPA's twin purposes: 'reduc[ing] delays in the execution of state and federal criminal sentences' and encouraging state 'petitioners to seek relief from state courts in the first instance,'" quoting *Rhines*, 544 U.S. at 266-67 (alteration original)).

Judge Nakazato found that petitioner failed to show that he met the first and second requirements of *Rhines*. First, he noted that, other than citing *Rhines* and its standard in the last paragraph of his motion, petitioner had completely failed to allege or show he could satisfy the good cause standard.[4] Judge Nakazato nonetheless searched the petition and attached exhibits for

---

[4]Order at 3.   See also Application for Writ of Habeas Corpus; Motion to Stay the Proceedings in Abeyance to Exhaust State Remedies ("Motion to Stay"), Docket No. 3 (Sept. 27,

2

evidence of good cause, and found that the unexhausted claim was based on alleged acts and omissions of petitioner's counsel that were known to petitioner before, or no later than, the conclusion of his trial.[5] As respects the second factor, Judge Nakazato, relying in part on factual determinations made by the California Court of Appeal,[6] found that petitioner had failed to allege or show that his trial counsel's performance was constitutionally deficient by virtue of the alleged omissions or that the alleged omissions actually prejudiced him.[7] As a result, Judge Nakazato found the unexhausted claim meritless.[8] For the reasons set forth in Judge Nakazato's order, the court agrees.[9]

---

2007) at 4.

[5]Order at 3.

[6]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). See also *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004 ("[I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record").

[7]Order at 5.

[8]*Id.* at 4.

[9]On November 2, 2007, petitioner filed a motion for reconsideration of the magistrate court's order. (Motion for Reconsideration to Stay Proceedings in Abeyance to Exhaust State Remedies ("Motion for Reconsideration"), Docket No. 9 (Nov. 2, 2007)). Judge Nakazato denied this motion because it did not comply with Local Rule 7-18 and because it failed to show that petitioner could satisfy the first and second *Rhines* factors. (Minute Order Denying Petitioner's Motion for Reconsideration to Stay Proceedings in Abeyance and to Exhaust State Remedies Filed November 2, 2007, Docket No. 10 (Nov. 9, 2007)).
  The court agrees with Judge Nakazato that petitioner did not comply with Local Rule 7-18's requirement that a motion for reconsideration be made "only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts

Petitioner objects to Judge Nakazato's purported reliance on the fact that no petition had been filed or received at the California Supreme Court at the time he denied the motion to stay.[10] Nothing in Judge Nakazato's order demonstrates that this was a decisive factor in Judge Nakazato's conclusions that petitioner failed to show good cause or that the ineffective assistance of counsel claim lacked merit. Indeed, the fact that petitioner had filed a petition for writ of habeas corpus in the California Supreme Court in no way alters Judge Nakazato's analysis as to whether he had shown good cause for his failure to exhaust earlier or as to whether the claim lacked merit.

Petitioner asserts that Judge Nakazato failed to inform him that he could request a dismissal of the action without prejudice.[11] While the district court is not required to provide advice to a *pro se* petitioner,[12] it must give the petitioner the choice of exhausting unexhausted claims by returning to state court, or abandoning the claims and pursuing his remaining claims in federal court. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005)., Judge Nakazato gave petitioner such a choice. His minute order specifically stated that Supreme Court precedent required dismissal of the petition as a mixed petition, leaving petitioner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to assert only

---

presented to the Court before such decision." CA CD L.R. 7-18. Moreover, petitioner made no attempt to supplement his argument regarding the second *Rhines* factor. (Motion for Reconsideration at 5 ("The second aspect of the *Rhines* showing is that of potential merit of the unexhausted claim. In order to avoid redundancy, petitioner respectfully refers the court to petitioner's original petition. . .")).

[10]Pl.'s Objections at 3.

[11]*Id.* at 4.

[12]The Supreme Court has held that "'federal district judges are not required to give *pro se* litigants . . . warnings [that they will lack] the power to consider [a prisoner's] motions to stay the [mixed] petitions unless [the prisoner] opt[s] to amend them and dismiss the then-unexhausted claims,' or 'that [a prisoner's] federal claims would be time-barred, absent cause for equitable tolling, upon his return to federal court if he opted to dismiss the petitions 'without prejudice' and return to state court to exhaust all of his claims.' District judges have no obligation to act as counsel or paralegal to *pro se* litigants." See *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

1 exhausted claims.[13]  At no point did the minute order indicate that the dismissal would be with
2 prejudice, and Rule 41(a)(2) of the Federal Rules of Civil Procedure establishes that any voluntary
3 dismissal by court order is presumed to be without prejudice.  FED.R.CIV.PROC. 41(a)(2).[14]

4       In sum, having conducted a de novo review of those portions of Judge Nakazato's Report
5 and Recommendation to which petitioner objected, the court adopts the report in its entirety.

6       The clerk is directed to serve a copy of this order and the judgment on all counsel or
7 parties of record.

9 DATED: October 30, 2009                 /s/ Margaret M. Morrow
10                                        MARGARET M. MORROW
                                       UNITED STATES DISTRICT JUDGE

---

[13](Civil Minute Order, Docket No. 7 (Oct. 15, 2007) at 2 (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982) and citing *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007)).

[14]It is not clear, in fact, that petitioner would have been in a better position had the court dismissed the entire claim without prejudice.  Had this occurred, any new action might well have been barred by the one-year statute of limitations prescribed by AEDPA.  See *Brambles v. Duncan*, 412 F.3d 1066, 1069-70 (9th Cir. 2005) (in a case where a prior petition had been dismissed without prejudice, holding that the subsequent petition was time-barred, and that failure to warn of such consequence was not prejudicial error).